**CALLAHAN & BLAINE, APLC**
Daniel J. Callahan (Bar No. 91490)
  dcallahan@callahan-law.com
Edward Susolik (Bar No. 151081)
  esusolik@callahan-law.com
Richard T. Collins (Bar No. 166577)
  rcollins@callahan-law.com
Damon D. Eisenbrey (Bar No. 215927)
  deisenbrey@callahan-law.com
Adrian L. Canzoneri (Bar No. 265168)
  acanzoneri@callahan-law.com
3 Hutton Centre Drive, Ninth Floor
Santa Ana, California 92707
Telephone: (714) 241-4444
Facsimile: (714) 241-4445

Attorneys for Plaintiff, JMG Investments, Inc. dba
Harmony Place, Inc.

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE (714) 241-4444
WWW.CALLAHAN-LAW.COM

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JMG INVESTMENTS, INC., a California corporation dba HARMONY PLACE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>ANTHEM BLUE CROSS LIFE AND HEALTH INSURANCE COMPANY, a California corporation; ANTHEM INC., an Indiana corporation doing business in California as ANTHEM HEALTH, INC.; THE ANTHEM COMPANIES OF CALIFORNIA, a California corporation; THE ANTHEM COMPANIES, INC., an Indiana corporation; ANTHEM INSURANCE COMPANIES, INC., an Indiana corporation; BLUE CROSS OF CALIFORNIA, a California corporation; VIANT, INC., a Nevada corporation; MULTIPLAN, INC., a New York corporation; HEALTHRISK RESOURCE GROUP, INC., an Iowa corporation; and DOES 1 through 25, inclusive, | **CASE NO. 8:20-cv-02412-JWH-ADSx**<br><br>*Assigned to Judge John W. Holcomb*<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>**[Discovery Matter: Referred to Magistrate Judge Autumn D. Spaeth]** |

1

2 | Defendants.

3

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1.        A. <u>PURPOSES AND LIMITATIONS</u>

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

B. <u>GOOD CAUSE STATEMENT</u>

The parties acknowledge that information produced in discovery, regardless of its designation under this Order, may contain personal and health information subject to the protections of, *inter alia*, the Health Insurance Portability and Accountability Act of 1996, the applicable requirements of the Standards for Privacy of Individually Identifiable Health Information and its implementing regulations issued by the U.S. Department of Health and Human Services (45 C.F.R. Parts 160-64; HIPAA Privacy Regulations), and <u>California Civil Code §§ 56</u> *et seq*., and 1798.82 *et seq*., which protect the confidentiality of individually-identifiable personal and health information. Discovery may also involve trade secrets, customer

1   and pricing lists and other valuable research, development, commercial, financial,

2   technical and/or proprietary information for which special protection from public

3   disclosure and from use for any purpose other than prosecution of this action is

4   warranted.

5           Accordingly, to expedite the flow of information, to facilitate the prompt

6   resolution of disputes over confidentiality of discovery materials, to adequately

7   protect information the parties are entitled or required to keep confidential, to ensure

8   that the parties are permitted reasonable necessary uses of such material in

9   preparation for and in the conduct of trial, to address their handling at the end of the

10  litigation, and to serve the ends of justice, a protective order for such information is

11  justified in this matter. It is the intent of the parties that information will not be

12  designated as confidential for tactical reasons and that nothing be so designated

13  without a good faith belief that it has been maintained in a confidential, non-public

14  manner, and there is good cause why it should not be part of the public record of this

15  case.

16

17  2.      DEFINITIONS

18          2.1     Action: this pending federal law suit, *JMG Investments, Inc., et*

19  *al. v. Anthem Blue Cross Life and Health Insurance., et al.*, Central District Case

20  No. 8:20-cv-02412-JWH (ADSx).

21          2.2     Challenging Party: a Party or Non-Party that challenges the

22  designation of information or items under this Order.

23          2.3     "Confidential Materials": information (regardless of how it is

24  generated, stored or maintained) or tangible things that qualify for protection under

25  Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause

26  Statement.

27          2.4     "CONFIDENTIAL – OUTSIDE COUNSEL ONLY"

28  information means Confidential Materials that a Party reasonably and in good faith

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 3 -

1   believes is of such a commercially or competitively sensitive nature that disclosure

2   to persons other than in Paragraph 7.4 could reasonably be expected to result in

3   injury.

4            2.5    "CONFIDENTIAL- ATTORNEYS' EYES ONLY" information

5   means Confidential Materials that falls within one or more of the following

6   categories:

7            a.    Trade secrets information, including a formula, pattern,

8                  compilation, program, device, method, technique, process,

9                  financial data, or list of actual or potential customers or

10                 suppliers, that derives independent economic value, actual

11                 or potential, from not being generally known to, and not

12                 being readily ascertainable by proper means by, other

13                 persons who can obtain economic value from its

14                 disclosure or use;

15           b.    Highly sensitive financial, commercial, and marketing

16                 information relating to the parties' respective products

17                 and/or business activities, including without limitation,

18                 contracts and fee schedules with participating providers

19                 and analyses reflecting average rates of reimbursement for

20                 procedures, and information or analyses reflecting

21                 methods used to determine Maximum Reimbursable

22                 Charges or Usual and Customary Charges.

23           2.6    "CONFIDENTIAL" information means all other Confidential

24   Materials that do not constitute CONFIDENTIAL- ATTORNEYS' EYES ONLY or

25   CONFIDENTIAL – OUTSIDE COUNSEL ONLY information, including but not

26   limited to:

27           a.    Research and development information;

28           b.    Information prohibited from disclosure by statute;

STIPULATED PROTECTIVE ORDER

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

c.     Medical information concerning any individual;

d.     Personal identity information;

e.     Income tax returns (including attached schedules and forms, W-2 forms and 1099 forms; or

f.     Personnel or employment records of a person who is not a party to the case.

2.7   <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.8   <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL," "CONFIDENTIAL-ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY."

2.9   <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.10   <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.11   <u>House Counsel</u>: attorneys who are employees of a party to this Action, as well as paralegals, case assistants, and others acting on behalf of attorneys of a party to this Action to whom it is reasonably necessary to disclose the information for this Action.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.12   <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.13   <u>Outside Counsel of Record</u>: attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action

STIPULATED PROTECTIVE ORDER

and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.14   <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.15   <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.16   <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.17   <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," "CONFIDENTIAL ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – OUTSIDE COUNSEL ONLY."

2.18   <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

4.   <u>DURATION</u>

Even after final disposition of this litigation, the confidentiality obligations

STIPULATED PROTECTIVE ORDER

imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.     DESIGNATING PROTECTED MATERIAL

        5.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

        Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

        If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

        5.2     Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

        Designation in conformity with this Order requires:

        (a)     for information in documentary form (e.g., paper or electronic

STIPULATED PROTECTIVE ORDER

documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL," "CONFIDENTIAL-ATTORNEY'S EYES ONLY," or "CONFIDENTIAL - OUTSIDE COUNSEL ONLY" (hereinafter "CONFIDENTIALITY LEGEND"), to each page that contains protected material.

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL," "CONFIDENTIAL-ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - OUTSIDE COUNSEL ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIALITY LEGEND" to each document that contains Protected Material.

(b)     for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, either before the close of the deposition all protected testimony or within 30 days following receipt of the deposition transcript.

(c)     for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL,"  "CONFIDENTIAL-ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - OUTSIDE COUNSEL ONLY."

5.3     <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.

STIPULATED PROTECTIVE ORDER

Upon timely correction of a designation within 5 days of discovering the inadvertent failure to designate qualified information, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1   Objecting to Designation: In the event that a Party, or their Counsel, receiving Confidential Materials in discovery designated as "CONFIDENTIAL," "CONFIDENTIAL-ATTORNEYS' EYES ONLY," or "CONFIDENTIAL - OUTSIDE COUNSEL ONLY" objects to such designation ("Challenging Party") with respect to any or all of such items, said counsel shall advise counsel for the Designating Party, in writing, of such objections, the specific Confidential Materials to which each objection pertains, and the specific reasons and support for such objections (the "Designation Objections").

6.2   Response to Designation Objections. Counsel for the Designating Party shall have thirty (30) days from receipt of the written Designation Objections to agree in writing to de-designate Documents, Testimony or Information pursuant to any or all of the Designation Objections.  If the Designating Party does not agree to de-designation, the Challenging Party may choose to file a motion with the Court seeking to overrule any or all designations on Documents, Testimony or Information addressed by the Designation Objections (the "De-Designation Motion").  In the event that the Designation Objections are neither timely agreed to nor timely addressed in the Designation Motion, then such Documents, Testimony or Information shall retain their original Confidentiality Designation.

6.3   Meet and Confer. Prior to filing a De-Designation Motion, the Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 *et seq*.

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

6.3    The burden of persuasion in any such challenge proceeding shall be on the Challenging Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b)    the officers, directors, and employees (including House Counsel)

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

STIPULATED PROTECTIVE ORDER

1   of the Receiving Party to whom disclosure is reasonably necessary for this Action;

2           (c)    Experts (as defined in this Order) of the Receiving Party to

3   whom disclosure is reasonably necessary for this Action and who have signed the

4   "Acknowledgment and Agreement to Be Bound" (Exhibit A);

5           (d)    the court and its personnel;

6           (e)    court reporters and their staff;

7           (f)    professional jury or trial consultants, mock jurors, and

8   Professional Vendors to whom disclosure is reasonably necessary for this Action

9   and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit

10  A);

11          (g)    the author or recipient of a document containing the information

12  or a custodian or other person who otherwise possessed or knew the information;

13          (h)    during their depositions, witnesses, and attorneys for witnesses,

14  in the Action to whom disclosure is reasonably necessary provided: (1) the deposing

15  party requests that the witness sign the form attached as Exhibit A hereto; and (2)

16  they will not be permitted to keep any confidential information unless they sign the

17  "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise

18  agreed by the Designating Party or ordered by the court. Pages of transcribed

19  deposition testimony or exhibits to depositions that reveal Protected Material may

20  be separately bound by the court reporter and may not be disclosed to anyone except

21  as permitted under this Stipulated Protective Order; and

22          (i)    any mediator or settlement officer, and their supporting

23  personnel, mutually agreed upon by any of the parties engaged in settlement

24  discussions.

25          (j)    any other person that the Designating Party agrees to in writing;

26          (k)    any person designated by the Court in the interest of justice,

27  upon such terms as the Court may deem proper.

28       7.3   Disclosure of "CONFIDENTIAL ATTORNEYS' EYES ONLY"

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 11 -

<u>Information or Items</u>: Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may only disclose any information or item designated "CONFIDENTIAL-ATTORNEYS' EYES ONLY" to:

      (a)    the court and its personnel;

      (b)    the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

      (c)    the Receiving Party's House Counsel;

      (d)    Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

      (e)    any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper;

      (f)    court reporters and their staff; and

      (g)    any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

      (h)    Professional Vendors.

    7.4    <u>Disclosure of "CONFIDENTIAL- OUTSIDE COUNSEL ONLY"</u> <u>Information or Items</u>: Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may only disclose any information or item designated "CONFIDENTIAL-ATTORNEYS' EYES ONLY" to the individuals listed in Paragraph 7.3(a), (b), (d)-(h).

8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED</u> <u>IN OTHER LITIGATION</u>

    If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as

STIPULATED PROTECTIVE ORDER

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1   "CONFIDENTIAL," "CONFIDENTIAL-ATTORNEYS' EYES ONLY," or
2   "CONFIDENTIAL - OUTSIDE COUNSEL ONLY" that Party must:

3       (a)    promptly notify in writing the Designating Party. Such notification
4   shall include a copy of the subpoena or court order;

5       (b)    promptly, within five (5) days, notify in writing the party who caused
6   the subpoena or order to issue in the other litigation that some or all of the material
7   covered by the subpoena or order is subject to this Protective Order. Such
8   notification shall include a copy of this Stipulated Protective Order; and

9       (c)    cooperate with respect to all reasonable procedures sought to be
10  pursued by the Designating Party whose Protected Material may be affected.

11      If the Designating Party timely seeks a protective order, the Party served with
12  the subpoena or court order shall not produce any information designated in this
13  action as "CONFIDENTIAL," "CONFIDENTIAL-ATTORNEYS' EYES ONLY,"
14  or "CONFIDENTIAL - OUTSIDE COUNSEL ONLY" before a determination by
15  the court from which the subpoena or order issued, unless the Party has obtained the
16  Designating Party's permission. The Designating Party shall bear the burden and
17  expense of seeking protection in that court of its confidential material and nothing in
18  these provisions should be construed as authorizing or encouraging a Receiving
19  Party in this Action to disobey a lawful directive from another court.

20

21  9.    <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE</u>
22  <u>PRODUCED IN THIS LITIGATION</u>

23      (a)    The terms of this Order are applicable to information produced by a
24  Non-Party in this Action and designated as "CONFIDENTIAL,"
25  "CONFIDENTIAL- ATTORNEYS' EYES ONLY," or "CONFIDENTIAL -
26  OUTSIDE COUNSEL ONLY." Such information produced by Non-Parties in
27  connection with this litigation is protected by the remedies and relief provided by
28  this Order. Nothing in these provisions should be construed as prohibiting a Non-

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

STIPULATED PROTECTIVE ORDER

1    Party from seeking additional protections.

2        (b)    In the event that a Party is required, by a valid discovery request, to

3    produce a Non-Party's confidential information in its possession, and the Party is

4    subject to an agreement with the Non-Party not to produce the Non-Party's

5    confidential information, then the Party shall:

6        (1)    promptly notify in writing the Requesting Party and the Non-

7    Party that some or all of the information requested is subject to a confidentiality

8    agreement with a Non-Party;

9        (2)    promptly provide the Non-Party with a copy of the Stipulated

10   Protective Order in this Action, the relevant discovery request(s), and a reasonably

11   specific description of the information requested; and

12       (3)    make the information requested available for inspection by the

13   Non-Party, if requested.

14       (c)    If the Non-Party fails to seek a protective order from this court within

15   14 days of receiving the notice and accompanying information, the Receiving Party

16   may produce the Non-Party's confidential information responsive to the discovery

17   request. If the Non-Party timely seeks a protective order, the Receiving Party shall

18   not produce any information in its possession or control that is subject to the

19   confidentiality agreement with the Non-Party before a determination by the court.

20   Absent a court order to the contrary, the Non-Party shall bear the burden and

21   expense of seeking protection in this court of its Protected Material.

22

23   10.   UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

24       If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

25   Protected Material to any person or in any circumstance not authorized under this

26   Stipulated Protective Order, the Receiving Party must immediately (a) notify in

27   writing the Designating Party of the unauthorized disclosures, (b) use its best efforts

28   to retrieve all unauthorized copies of the Protected Material, (c) inform the person or

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

STIPULATED PROTECTIVE ORDER

1    persons to whom unauthorized disclosures were made of all the terms of this Order,

2    and (d) request such person or persons to execute the "Acknowledgment and

3    Agreement to Be Bound" that is attached hereto as Exhibit A.

4

5    11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE

6    PROTECTED MATERIAL

7            When a Producing Party gives notice to Receiving Parties that certain

8    inadvertently produced material is subject to a claim of privilege or other protection,

9    the obligations of the Receiving Parties are those set forth in Federal Rule of Civil

10   Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure

11   may be established in an e-discovery order that provides for production without

12   prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar

13   as the parties reach an agreement on the effect of disclosure of a communication or

14   information covered by the attorney-client privilege or work product protection, the

15   parties may incorporate their agreement in the stipulated protective order submitted

16   to the court.

17

18   12.    MISCELLANEOUS

19           12.1    Right to Further Relief. Nothing in this Order abridges the right of any

20   person to seek its modification by the Court in the future.

21           12.2    Right to Assert Other Objections. By stipulating to the entry of this

22   Protective Order no Party waives any right it otherwise would have to object to

23   disclosing or producing any information or item on any ground not addressed in this

24   Stipulated Protective Order. Similarly, no Party waives any right to object on any

25   ground to use in evidence of any of the material covered by this Protective Order.

26           12.3    Filing Protected Material. A Party that seeks to file under seal any

27   Protected Material must comply with Civil Local Rule 79-5. Protected Material may

28   only be filed under seal pursuant to a court order authorizing the sealing of the

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

- 15 -

STIPULATED PROTECTIVE ORDER

specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record unless otherwise instructed by the court.

12.4  <u>Use of Protected Material at Trial:</u> The Parties shall meet and confer regarding the procedures for use of Protected Materials at trial and shall move the Court for entry of an appropriate order.  The use of designated materials at trial shall be governed by the orders of the trial judge.

12.5  <u>Counsel bound by Protective Order</u>: Counsel agree to be bound by the terms set forth herein with regard to any Protective Materials that have been produced before the Court signs this Stipulation and Protective Order.

12.6  <u>New Parties</u>: Any new party to the Action who has not executed this Stipulation and Protective Order as of the time it is presented to the Court for signature may thereafter become a Party to this Stipulation and Protective Order by its Counsel's signing and dating a copy of Exhibit A attached hereto, and filing the same with the Court, and serving copies of such signed and dated copy upon the other Parties to this Stipulation and Protective Order.

13.  <u>FINAL DISPOSITION</u>

After the final disposition of this Action, as defined in paragraph 4, within 60 days of a written request by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies,

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

STIPULATED PROTECTIVE ORDER

abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14.     Any violation of this Order may be punished by any and all appropriate measures including, without limitation, contempt proceedings and/or monetary sanctions.

     IT IS SO STIPULATED, THROUGH UNDERSIGNED COUNSEL OF RECORD.

Dated:  February 17, 2021          **CALLAHAN & BLAINE, APLC**


                                   By: /s/ *Adrian L. Canzoneri*
                                        Richard T. Collins
                                        Damon D. Eisenbrey
                                        Adrian L. Canzoneri
                                        Attorneys for Plaintiff


Dated:  February 17, 2021          **TROUTMAN PEPPER**


                                   By: /s/ *Chad Fuller*
                                        Chad Fuller
                                        Attorneys for Defendants
                                        Anthem Blue Cross Life and Health
                                        Insurance Company; Anthem, Inc., which
                                        will do business in California as Anthem
                                        Health, Inc. (erroneously sued as Anthem,
                                        Inc., an Indiana corporation doing
                                        business in California as Anthem Health,
                                        Inc.); The Anthem Companies of
                                        California, Inc.; The Anthem Companies,
                                        Inc.; Anthem Insurance Companies, Inc.;
                                        Blue Cross of California

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

1  Dated:  February 17, 2021          **KIRKLAND & ELLIS LLP**

2

3

4  By: /s/ *Michael Shipley*
          Michael Shipley
          Attorneys for Defendant
5          Blue Cross Blue Shield Association

6  Dated:  February 17, 2021          **PHELPS DUNBAR LLP**

7

8

9  By: /s/ *Errol J. King*
          Errol J. King (*pro hac vice*)
          Attorneys for Defendants
10          Viant, Inc. and MultiPlan, Inc.

11

12  FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

13

14  DATED:   2/18/2021              /s/ Autumn D. Spaeth
                                    HONORABLE AUTUMN D. SPAETH
15                                  UNITED STATES MAGISTRATE JUDGE

- 18 -
STIPULATED PROTECTIVE ORDER

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the case of *JMG Investments, Inc., et al. v. Anthem Blue Cross Life and Health Insurance., et al.*, Central District Case No. 8:20-cv-02412-JWH (ADSx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order. I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action. I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM

**ATTESTATION PURSUANT TO LOCAL RULE 5-4.3.4(a)(2)(i)**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I hereby attest that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: February 17, 2021                    **CALLAHAN & BLAINE, APLC**

By:  /s/ *Adrian L. Canzoneri*
Richard T. Collins
Damon D. Eisenbrey
Adrian L. Canzoneri
Attorneys for Plaintiff

CALLAHAN & BLAINE
A PROFESSIONAL LAW CORPORATION
3 HUTTON CENTRE DRIVE, NINTH FLOOR
SANTA ANA, CALIFORNIA 92707
TELEPHONE: (714) 241-4444
WWW.CALLAHAN-LAW.COM